UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SCOTT CUNNINGHAM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNUM GROUP, RICHARD P. MCKENNEY, JOHN F. MCGARRY, and DANIEL J. WAXENBERG,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Scott Cunningham ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Unum Group ("Unum" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION AND OVERVIEW

1. This is a federal securities class action on behalf of a class consisting of all persons or entities other than Defendants who purchased or otherwise acquired publicly traded

Unum securities between January 31, 2018 and May 2, 2018, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2. Unum purports to provide financial protection benefits in the United States and the United Kingdom. The Company represents that its products include disability, life, accident, critical illness, dental and vision, and other related services.

3. Founded in 1848, Unum is headquartered in Chattanooga, Tennessee. Unum's common stock trades on the New York Stock Exchange ("NYSE") under the ticker symbol "UNM".

4. Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Unum was experiencing a higher claims incidence for its long-term care business; (ii) Unum was experiencing less favorable policy terminations in connection with its long-term care business; (iii) accordingly, Unum's long-term care business loss ratio would foreseeably reach the upper 90% range; and (iv) as a result of the foregoing, Defendants' statements about Unum's business, operations, and prospects, including statements related to Unum's long-term care reserves and capital management plans, were materially false and/or misleading and/or lacked a reasonable basis.

5. On May 1, 2018, after the market closed, Unum issued a press release entitled "Unum Group Reports First Quarter 2018 Results." Therein, Unum reported that its first quarter

2018 loss ratio for its long-term care business was a disappointing 96.6%, compared to only 88.6% for the first quarter of 2017. The first quarter 2018 loss ratio also far exceeded the Company's earlier-stated expectation of 85-90%.

6. On May 2, 2018, the Company held a conference call to discuss its first quarter 2018 financial results. On the call, Defendant John F. McGarry ("McGarry"), the Company's Chief Financial Officer ("CFO") elaborated on the Company's disclosures in the May 1, 2018 press release, stating "[b]enefits experience this quarter was driven by new claim incidence that ran much higher than expected" and "the higher loss ratio this quarter was negatively impacted by a lower level of policy terminations."

7. On this news, the Company's stock price fell $8.12 per share, or nearly 17%, to close at $39.78 per share on May 2, 2018, on unusually heavy trading volume.

8. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

9. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and Section 27 of the Exchange Act.

11. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)). Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District. Many of the acts

charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District. In addition, the Company's principal executive offices are in this Judicial District.

12. In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

13. Plaintiff, as set forth in the attached Certification, acquired Unum securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

14. Defendant Unum is incorporated in Delaware, and the Company's principal executive offices are located at 1 Fountain Square, Chattanooga, Tennessee 37402. Unum's common stock trades on the NYSE under the ticker symbol "UNM".

15. Defendant Richard P. McKenney ("McKenney") has served at all relevant times as the Chief Executive Officer of Unum.

16. Defendant McGarry has served at all relevant times as the CFO of Unum.

17. Defendant Daniel J. Waxenberg ("Waxenberg") has served at all relevant times as the Chief Accounting Officer of Unum.

18. The Defendants referenced above in ¶¶ 15-17 are sometimes referred to herein collectively as the "Individual Defendants".

19. The Individual Defendants possessed the power and authority to control the contents of Unum's SEC filings, press releases, and other market communications. The

Individual Defendants were provided with copies of the Company's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of their positions with the Company, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

## **SUBSTANTIVE ALLEGATIONS**

### **Background**

20. Unum purports to provide financial protection benefits in the United States and the United Kingdom. Unum represents that its products include disability, life, accident, critical illness, dental and vision, and other related services.

### **Materially False and Misleading Statements Issued During the Class Period**

21. The Class Period begins on January 31, 2018, when Unum issued a press release entitled "Unum Group Reports Fourth Quarter 2017 Results." Therein, the Company stated, in relevant part:

> The interest adjusted loss ratio for the long-term care line of business was 93.1 percent in the fourth quarter of 2017 compared to 89.1 percent in the fourth quarter of 2016, primarily due to unfavorable policy terminations related to mortality experience.

22. On February 1, 2018, Unum held a conference call to discuss its Q4 2017 financial results. On the call, Defendant McGarry stated:

> The long-term care interest adjusted benefit ratio increased to 93.1% in the fourth quarter, compared to 89.1% in the year ago quarter. Risk results this quarter

showed unfavorable policy terminations, primarily driven by unfavorable mortality experience. I'll remind you that at our December outlook meeting, we indicated that the long-term care ratio will likely exceed our prior expectation of a range of 85% to 90% over the near term. This quarter's results are in line with our revised expectations.

23. On February 21, 2018, Unum filed its quarterly report with the SEC on Form 10-K for the year ended December 31, 2017. The Company's 10-K was signed by Defendants McKenney, McGarry, and Waxenberg, and reaffirmed the Company's long-term care loss ratio previously announced on January 31, 2018.

24. The statements referenced in ¶¶ 21-23 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Unum was experiencing a higher claims incidence for its long-term care business; (ii) Unum was experiencing less favorable policy terminations in connection with its long-term care business; (iii) accordingly, Unum's long-term care business loss ratio would foreseeably reach the upper 90% range; and (iv) as a result of the foregoing, Defendants' statements about Unum's business, operations, and prospects, including statements related to Unum's long-term care reserves and capital management plans, were materially false and/or misleading and/or lacked a reasonable basis.

## The Truth Begins To Emerge

25. On May 1, 2018, after the market closed, Unum issued a press release entitled "Unum Group Reports First Quarter 2018 Results." Therein, Unum reported that its first quarter 2018 loss ratio for its long-term care business was a disappointing 96.6%, compared to only 88.6% for the first quarter of 2017. In greater part, the Company stated:

The interest adjusted loss ratio for the long-term care line of business was 96.6 percent in the first quarter of 2018, compared to 88.6 percent in the first quarter of 2017, due primarily to higher claims incidence which was partially offset by favorable claim resolutions related to mortality experience. Also contributing to the higher interest adjusted loss ratio was less favorable policy terminations.

26. On May 2, 2018, Unum held a conference call to discuss its first quarter 2018 financial results. On the call, Defendant McGarry stated, in relevant part:

The long-term care business line had a more challenging quarter as the interest adjusted benefit ratio increased to 96.6% in the first quarter this year compared to the favorable year-ago first quarter of 88.6%. Benefits experience this quarter was driven by new claim incidence that ran much higher than expected, which was partially offset by favorable claim resolutions due to mortality. In addition, the higher loss ratio this quarter was negatively impacted by a lower level of policy terminations. We continue to experience a high level of volatility in this line and expect it will continue in the future.

27. On this news, Unum's stock price fell $8.12 per share, or nearly 17%, to close at $39.78 per share on May 2, 2018, on unusually heavy trading volume.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Unum securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

29. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Unum's common stock actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least

hundreds or thousands of members in the proposed Class. Millions of Unum shares were traded publicly during the Class Period on the NYSE. Record owners and other members of the Class may be identified from records maintained by Unum or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

30. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

31. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

32. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Unum;

- whether the Individual Defendants caused Unum to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Unum securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

33. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

34. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Unum securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NYSE and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Unum securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

35. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

36. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material

information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5 Promulgated Thereunder
### Against All Defendants

37. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

38. During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase Unum's securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each defendant, took the actions set forth herein.

39. Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Unum's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

40. Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a

continuous course of conduct to conceal adverse material information about Unum's financial well-being and prospects, as specified herein.

41. Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Unum's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about Unum and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

42. Each of the Individual Defendants' primary liability and controlling person liability arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants

was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

43. Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Unum's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

44. As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of Unum's securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Unum's securities during the Class Period at artificially high prices and were damaged thereby.

45. At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that Unum was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Unum securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

46. By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

47. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## COUNT II

### Violation of Section 20(a) of The Exchange Act
### Against the Individual Defendants

48. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

49. The Individual Defendants acted as controlling persons of Unum within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions and their ownership and contractual rights, participation in, and/or awareness of the Company's operations and intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various

statements which Plaintiff contends are false and misleading. Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

50. In particular, the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

51. As set forth above, Unum and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their position as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C. Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D. Such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: July 13, 2018

Respectfully submitted,

s/*Paul Kent Bramlett*
Paul Kent Bramlett #7387
Robert Preston Bramlett #25895
BRAMLETT LAW OFFICES
P. O. Box 150734
Nashville, TN 37215-0734
Telephone: 615.248.2828
Facsimile: 866.816.4116
E-mails:
PKNASHLAW@aol.com
Robert@BramlettLawOffices.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Attorneys for Plaintiff*